**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **PATRICIA GRANARA,** | ) |
|  | ) |
| Plaintiff, | ) Civil Action No. |
|  | ) |
| v. | ) **Jury Trial Demanded** |
|  | ) |
| **SYNERGETIC COMMUNICATION, INC.,** | ) |
| d/b/a **SYNCOM** | ) |
|  | ) |
| Defendant. | ) |

## COMPLAINT

PATRICIA GRANARA ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against SYNERGETIC COMMUNICATION, INC. ("Defendant" or "SynCom"):

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy", and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendants conduct substantial business in the State of Massachusetts, therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person who resides in East Boston, Massachusetts, 02128.

6. Defendant is a corporation specializing in debt collection with its principal place of business located at 5450 NW Central Drive, Suite 1000, Houston, Texas, 77092.

7. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. At all relevant times, Defendant sought to collect an alleged consumer debt from Plaintiff regarding an alleged Capital One debt.

11. The alleged debt arose out of transactions that were for personal, family or household purposes.

12. As Plaintiff has no business debt, the debt could only be personal in nature.

13. Between April of 2102 and July of 2012, Defendant's collectors placed repeated, harassing telephone calls to Plaintiff's home telephone number to collect the alleged debt.

14. Defendant's harassing collection calls originated from numbers including, but not limited (800) 580-8615 and (713) 460 3114. The undersigned has confirmed the above numbers belong to Defendant.

15. Defendant's collectors, including but not limited to "Ms. Williams" (phonetic), called Plaintiff's home telephone number on a near-daily basis.

16. Specifically, Plaintiff's telephone records reflect that Defendant called her on at least thirty-three (33) separate occasions beginning April 30, 2012 through July 31, 2012, however, Plaintiff believes that Defendant placed more than thirty-three (33) calls to her. Attached please find a redacted copy of Plaintiff's telephone records as Exhibit "A".

17. Further, Defendant would leave numerous voicemail messages on Plaintiff's home telephone.

18. In one instance, Ms. Williams left Plaintiff a voicemail on her home telephone number revealing that Plaintiff owed a debt and was being pursued by Defendant's collectors.

19. Plaintiff was embarrassed to have this information left on her home telephone as her voicemail messages could easily have been heard by third parties.

20. Ms. Williams's voicemail message caused Plaintiff anxiety, panicked to keep others in her house from hearing confidential financial information or to know of her financial struggles.

21. Defendant's continuous and harassing pattern of telephone calls caused Plaintiff increased anxiety and exacerbated Plaintiff's existing health problems.

22. Defendants took the actions described herein with the intent to harass, deceive and coerce payment from Plaintiff, without regard for her rights.

**COUNT I**
**DEFENDANT VIOLATED § 1692d OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

23. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

24. Defendants violated § 1692d of the FDCPA when it continuously and repeated called Plaintiff, when it left multiple voicemail messages on Plaintiff's home telephone, and when it engaged in other harassing, oppressive, or abusive conduct.

**COUNT II**
**DEFENDANT VIOLATED § 1692d(5)**
**OF THE FAIR DEBT COLLECTION PRACTICES ACT**

25. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

26. Defendants violated § 1692d(5) of the FDCPA by causing Plaintiff's home telephone to ring repeatedly and continuously with the intent to annoy or harass her.

**COUNT III**
**DEFENDANT VIOLATED § 1692f OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

27. Section 1692f prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

28. Defendants violated § 1692f when it continuously and repeated called Plaintiff to collect the alleged debt, when it left repeated voicemail messages on Plaintiff's

home telephone, and when it engaged in other unfair or unconscionable means to collect a debt that Plaintiff does not owe.

WHEREFORE, Plaintiff, PATRICIA GRANADA, respectfully prays for a judgment as follows:

    a.  All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.  Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and,

    e.  Any other relief deemed appropriate by this Honorable Court.

DATED:  04/03/2013                   KIMMEL & SILVERMAN, P.C.

                                         */s/ Craig T. Kimmel*
                                         Craig Thor Kimmel
                                         Kimmel & Silverman, P.C.
                                         30 E. Butler Pike
                                         Ambler, PA 19002
                                         Phone: (215) 540-8888
                                         Fax: 877-788-2864
                                         Email: kimmel@creditlaw.com